**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM TRIER, JEFFREY MCKINSEY, HAROLD DANIEL, JOHN AUSTIN HARRINGTON, RICHARD SPARKS, JACOB TRIER, CRYSTAL BAKER and JOEL MATA

    Plaintiffs,

v.

GENESEE COUNTY, SHERIFF ROBERT PICKELL, SCOTT HOPE, ALLEN & HOPE PROCESS SERVING MANAGEMENT CO., INC. a Michigan corporation,

    Defendants.

Case No.:

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiffs by and through their attorney's Scott P. Batey and the Batey Law Firm, PLLC and for their Complaint against Defendants, Genesee County, Sheriff Robert Pickell, Scott Hope and Allen & Hope Process Serving Management Co., Inc. states as follows:

1.     Plaintiff, William Trier is a resident of the City of Swartz Creek, County of Genesee and Eastern District of Michigan.

2.     Plaintiff, Jeffrey McKinsey is a resident of the City of Swartz Creek, County of Genesee and Eastern District of Michigan.

3.     Plaintiff, Harold Daniel is a resident of the City of Grand Blanc, County of Genesee and Eastern District of Michigan.

4. Plaintiff, John Austin Harrington is a resident of the City of Mt. Morris, County of Genesee and Eastern District of Michigan.

5. Plaintiff, Richard Sparks is a resident of the City of Flushing, County of Genesee and Eastern District of Michigan.

6. Plaintiff, Jacob Trier is a resident of the City of Swartz Creek, County of Genesee and Eastern District of Michigan.

7. Plaintiff, Crystal Baker is a resident of the City of Mt. Morris, County of Genesee and Eastern District of Michigan.

8. Plaintiff, Joel Mata is a resident of the County of Genesee and Eastern District of Michigan.

9. Defendant Genesee County is a governmental entity duly authorized to do business in the County of Genesee and Eastern District of Michigan.

10. Upon information and belief Defendant, Sheriff Robert Pickell is a resident of the County of Genesee and Eastern District of Michigan.

11. Upon information and belief Defendant, Scott Hope is a resident of the County of Genesee and Eastern District of Michigan.

12. Upon information and belief Defendant, Allen & Hope Process Serving Management Co., Inc. ("Allen & Hope") is a Domestic Profit Corporation doing business in Genesee County and Eastern District of Michigan and whose resident agent is Scott L. Hope and whose registered office address is 4020 Somers Drive, Burton, Michigan 48529.

13. The events producing the original injury occurred in Genesee County and Eastern District of Michigan.

14. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in the United States District Court in the Eastern District of Michigan.

15. Plaintiffs bring this action for damages arising out of acts and/or omissions of Defendants constituting violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C.A. §§1961, *et seq.*, 42 U.S.C. §1983 for violation of Plaintiff's First Amendment rights resulting in emotional and economic damages to Plaintiffs.

## GENERAL FACTUAL ALLEGATIONS

16. Plaintiffs incorporate by reference paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17. Plaintiffs were employed as process servers in Genesee County in the Eastern District of Michigan.

18. Defendant, Pickell is the elected Sheriff of Defendant, Genesee County and as such is the highest ranking law enforcement official in the county who is in the unique position of personally creating and implementing all policies and procedures for Defendant, Genesee County regarding the Genesee County Sheriff's Department, including but not limited to the General Rules of the Office of the Genesee County Sheriff and all of the acts described in this Complaint.

19. Defendant Hope was deputized as a Genesee County deputy by Defendant Pickell and at all times relevant was acting under the authority and power of the Office of the Genesee County Sheriff and was acting as an agent and representative of Defendants, Pickell and Genesee County.

20. At all times relevant, Defendants, Pickell, Hope and Allen & Hope were acting as agents and representatives of Defendant, Genesee County.

21. Beginning in 2006 at the latest and continuing up until December 2016 Plaintiffs were deputized by Defendant Pickell to act as a deputy and agent for the Genesee County Sheriff's Department which would allow Plaintiffs to receive various assignments from the District and Circuits in Genesee County and be paid for this work by Defendant, Genesee County.

22. In exchange for deputizing Plaintiffs, Defendant Pickell charged Plaintiffs between $65.00 and $300.00 per year. (Exhibit "A").

23. Plaintiffs were required to submit checks made payable to Defendant, Pickell personally, The Committee to Retain Sheriff Pickell or a charity selected by Defendants to Defendant, Hope or Defendant, Pickell's secretary at the Genesee County Sheriff's Department.

24. After receiving these payments from Plaintiffs Defendant, Hope acting as Defendant, Pickell's appointed agent and representative endorsed the checks and deposited them into a bank account for the personal financial gain/benefit of Defendants.

25. Each year from at least 2006 continuing until 2016 Defendants would take and receive money not due to them under the pretense that they were entitled to the money by virtue of Defendant, Pickell's political office.

26. Defendant, Pickell's acts of charging Plaintiffs to be appointed and deputized to act as deputies of the Genesee County Sheriff's Department in exchange for monetary gain is also in violation of the Michigan Penal Code MCL 750.118 which states:

> Public officer accepting bribe—Any executive, legislative or judicial officer who shall corruptly accept any gift or gratuity, or any promise to make any gift, or to do any act beneficial to such officer, under an agreement, or with an understanding that his vote, opinion or judgment shall be given in any particular manner, or upon a particular side of any question, cause or proceeding, which is or may be by law brought before him in his official capacity, or that in such capacity, he shall make any particular nomination or appointment, shall forfeit his office, and be forever disqualified to hold any public office, trust or appointment under the constitution or laws of this state, and shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years, or by fine of not more than 5,000 dollars.

27. Defendants extorted the money from Plaintiff's as described above for their own financial gain.

28. During the time period Defendants engaged in this pattern of extortion, Defendant, Pickell was also involved in multiple bids for re-election as the Genesee County Sheriff.

29. During the time period from 2016 until November 2016, in addition to extorting money from Plaintiffs Defendants required that anyone deputized support Defendant, Pickell in his multiple bids for re-election.

30. In 2016 Defendants learned that Plaintiffs did not support Defendant, Pickell in his bid for re-election and did not engage in political activities on behalf of Defendant, Pickell and in fact supported Defendant, Pickell's opponents.

31. In response and retaliation for Plaintiffs' political patronage of Defendant, Pickell's opponents, Defendants refused to deputize Plaintiffs thereby costing Plaintiffs the ability to receive assignments from Genesee Courts.

32. On or about December 6, 2016 Defendant, Pickell sent Plaintiffs each a letter advising them that his office was going to "exclusively use the firm of Allen-Hope & Associates to serve orders for seizure [sic], evictions, claims and delivery, and forclosures [sic]."  (Exhibit "B")

33. In the December 6, 2016 letter, Defendant, Pickell also identified Defendant, Hope as his representative stating "I want to thank you for your understanding in this matter, and ask you to contact my representative, Scott Hope, if you have any questions and/or concerns." (Exhibit "B").

34. Defendant, Genesee County had the custom, practice and policy where Defendants would take and receive money not due to them under the pretense that they were entitled to the money by virtue of Defendant, Pickell's political office.

35. Defendant, Genesee County had the custom, practice and policy of retaliating against employees and independent contractors who did not support Defendant, Pickell and instead supported Defendant Pickell's opponents.

**COUNT I**
**RACKETEER INFLUENCED ANDCORRUPT ORGANIZATIONS ACT –**
**"RICO" 18 U.S.C.A. §§ 1961,** *et seq.* **- EXTORTION**

36. Plaintiffs incorporate by referenced paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. At all times relevant, Defendants Pickell, Hope, and Allen & Hope were persons and legal entities acting on behalf of themselves and Defendant, Genesee County pursuant to the rules, policies and procedures of Defendant, Genesee County.

38. Defendants, Pickell, Hope and Allen & Hope (collectively referred to as "Defendant Enterprise") formed a loosely knit business enterprise designed to keep Defendant, Pickell in office as the Genesee County Sheriff, provide Defendant, Pickell with political power, attack opponents of Defendant, Pickell and financially enrich Defendants, Pickell, Hope and Allen & Hope.

39. Beginning in 2006 at the latest and continuing up until December 2016 Defendant Enterprise engaged in a pattern whereby Defendant, Pickell would deputize Plaintiffs in exchange for $65.00 to $300.00 a year.

40. The pattern required that Plaintiff's make these checks payable to Defendant, Pickell personally, The Committee to Retain Sheriff Pickell or a charity selected by Defendant Enterprise which would allow Defendants and Defendant Enterprise to procure political favors from said charity. (Exhibit "A").

41. The pattern required that Plaintiff's submit these checks to Defendant, Hope and Defendant, Pickell's secretary in the Genesee County Sheriff's Department and the checks were endorsed by Defendant, Hope who at all times was acting as an agent and representative of Defendant, Pickell.

42. By paying Defendants to be deputized Plaintiffs were permitted to act as a deputy and agent for the Genesee County Sheriff's Department which would allow Plaintiffs to

receive various assignments from the District and Circuits in Genesee County and be paid for this work by Defendant, Genesee County.

43. From at least 2006 continuing until 2016 Defendants annually engaged in a pattern of racketeering where Defendants would take and receive money not due to them under the pretense that they were entitled to the money by virtue of Defendant, Pickell's political office.

44. As a result of Defendants' illegal racketeering activities Plaintiffs sustained economic and non-economic damages.

45. But for Defendants' predicate illegal racketeering activities Plaintiffs would not have sustained economic and non-economic damages

46. Defendants' illegal racketeering activities were a proximate cause of Plaintiffs sustained economic and non-economic damages.

WHEREFORE, Plaintiffs respectfully requests judgment in their favor and against Defendants in an amount in excess of $75,000.00 plus treble damages and attorney fees as provided by the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C.A. §§1961, *et seq,* together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT – "RICO" 18 U.S.C.A. §§ 1961, *et seq.* - VIOLATIONS OF THE HOBBS ACT 18 U.S.C. § 1951

47. Plaintiffs incorporate by reference paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. At all times relevant, Defendants Pickell, Hope, and Allen & Hope were persons and legal entities acting on behalf of themselves and Defendant, Genesee County pursuant to the rules, policies and procedures of Defendant, Genesee County.

49. Defendants, Pickell, Hope and Allen & Hope (collectively referred to as "Defendant Enterprise") formed a loosely knit business enterprise designed to keep Defendant, Pickell in office as the Genesee County Sheriff, provide Defendant, Pickell with political power,

attack opponents of Defendant, Pickell and financially enrich Defendants, Pickell, Hope and Allen & Hope.

50. Beginning in 2006 at the latest and continuing up until December 2016 Defendant Enterprise engaged in a pattern whereby Defendant, Pickell would deputize Plaintiffs in exchange for $65.00 to $300.00 a year.

51. The pattern required that Plaintiff's make these checks payable to Defendant, Pickell personally, The Committee to Retain Sheriff Pickell or a charity selected by Defendant Enterprise which would allow Defendants and Defendant Enterprise to procure political favors from said charity. (Exhibit "A").

52. The pattern required that Plaintiff's submit these checks to Defendant, Hope and Defendant, Pickell's secretary in the Genesee County Sheriff's Department and the checks were endorsed by Defendant, Hope who at all times was acting as an agent and representative of Defendant, Pickell.

53. By paying Defendants to be deputized Plaintiffs were permitted to act as a deputy and agent for the Genesee County Sheriff's Department which would allow Plaintiffs to receive various assignments from the District and Circuits in Genesee County and be paid for this work by Defendant, Genesee County.

54. From at least 2006 continuing until 2016 Defendants engaged in a pattern of racketeering where Defendants would take and receive money not due to them under the pretense that they were entitled to the money by virtue of Defendant, Pickell's political office.

55. As a result of Defendants' illegal racketeering activities Plaintiffs sustained economic and non-economic damages.

56. But for Defendants' predicate illegal racketeering activities Plaintiffs would not have sustained economic and non-economic damages

57. Defendants' illegal racketeering activities were a proximate cause of Plaintiffs sustained economic and non-economic damages.

WHEREFORE, Plaintiffs respectfully requests judgment in their favor and against Defendants in an amount in excess of $75,000.00 plus treble damages and attorney fees as provided by the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C.A. §§1961, *et seq,* together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## VIOLATION OF 42 USC 1983
## VIOLATIONS OF PLAINTIFFS FIRST AMENDMENT RIGHTS- POLITICAL PATRONAGE

58. Plaintiffs incorporate by reference paragraphs 1 through 57 of the Complaint as though fully set forth herein.

59. At all times relevant, Defendants Pickell, Hope, and Allen & Hope were persons and legal entities acting on behalf of themselves and Defendant, Genesee County pursuant to the rules, policies and procedures of Defendant, Genesee County.

60. Political belief and association constitute the core of those activities protected by the First Amendment of the United States Constitution.

61. No public official can prescribe what political beliefs, ideas or politics, its employees and independent contractors may have.

62. The First Amendment protects political association as well as political expression. Freedom to associate with others for the common advancement of political beliefs and ideas is a form of "orderly group activity" protected by the First and Fourteenth Amendments. The right to associate with the political party of one's choice is an integral part of this basic constitutional freedom.

63. Patronage, to the extent it compels or restrains belief and association, is a violation of the First Amendment of the United States Constitution.

64. Political association alone cannot, constitute an adequate ground for denying public employment, including work as an independent contractor without violating the First Amendment.

65. The government may not deny a benefit to a person on a basis that infringes his constitutionally protected interests - especially, his interest in freedom of speech. For if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited.

66. Patronage practice falls squarely within the prohibitions of the First Amended of the United States Constitution.

67. Defendants terminated Plaintiffs for their political beliefs and patronage of Defendant, Pickell's opponents in violation of the First Amendment of the United States Constitution.

68. Pursuant to 42 USC 1983, Defendants violated Plaintiffs' First Amendment rights by terminating them for their political beliefs and patronage of Defendant, Pickell's opponents in violation of the First Amendment of the United States Constitution.

69. Genesee County acted under codes of law specifically customs, policies and practice of prohibiting employees of the Genesee County Sheriff's Department from engaging in protected speech, including but not necessarily limited to, General Order 4.10 probation criticism of the Sheriff's Office, and took adverse employment actions in violation of Plaintiffs' First Amendment rights to free speech.

70. Sheriff Pickell acted under customs, policies and practice of prohibiting employees and independent contractors of the Genesee County Sheriff's Department from patronizing political opponents of Defendant, Pickell.

71. Defendant Pickell is being sued in both their individual and official capacities and should have known that they were violating Plaintiffs' clearly established constitutional rights.

72. As a result of Defendant's violation of Plaintiff's well established rights under the United States Constitution, made applicable to the Defendants through 42 U.S.C. § 1983, Plaintiffs sustained damages including, but not necessarily limited to, economic damages including loss of back pay, loss of front pay, loss of benefits, loss of seniority, loss of opportunity for advancement, loss of pension and other benefits, non-economic damages including, but not necessarily limited to, emotional distress, loss of self-esteem, outrage, mental anguish, anxiety, humiliation, embarrassment, all resulting in physical symptoms.  Further, the nature of Defendant's conduct entitles Plaintiffs to exemplary and/or punitive damages.

WHEREFORE, Plaintiffs respectfully requests Judgment in their favor and against Defendants in an amount in excess of $75,000.00 for all damages to which they are entitled to pursuant to 42 U.S.C. § 1983, including, but not necessarily limited to, economic damages, non-economic damages, exemplary damages, punitive damages, cost interest and attorney's fees.

    Respectfully submitted,

    **BATEY LAW FIRM, P.L.L.C.**

BY: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, MI  48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated: January 24, 2017

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiffs, by and through their attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

        Respectfully submitted,

        **BATEY LAW FIRM, P.L.L.C.**

        BY: /s/Scott P. Batey
            SCOTT P. BATEY (P54711)
            Attorney for Plaintiff
            30200 Telegraph Road, Suite 400
            Bingham Farms, MI  48025
            (248) 540-6800
            sbatey@bateylaw.com

Dated: January 24, 2017